UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS PAULINO, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>VERITAS PROPERTY MANAGEMENT L.L.C., 6535 BROADWAY OWNERS CORP., and JAMES MAISTRE,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiff LOUIS PAULINO ("Plaintiff"), individually, and on behalf of others similarly situated, by and through his attorneys Fisher Taubenfeld LLP, alleges against Defendants VERITAS PROPERTY MANAGEMENT L.L.C. ("Veritas"), 6535 BROADWAY OWNERS CORP. ("6535") and JAMES MAISTRE ("Maistre") as follows:

## NATURE OF THE ACTION

1. This action arises and Plaintiff seeks damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), against Defendants for willfully failing to pay Plaintiff and a collective of similarly situated persons' wages at the applicable overtime rates.

2. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for deducting from Plaintiff and a class of similarly situated persons' pay and for failing to proffer wage statements to Plaintiff and the class that complied with NYLL, Art. 6, § 195.

3. By this action, Plaintiff individually and on behalf of the putative class and collective seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees.

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the state and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**PARTIES**

6. Plaintiff is a natural adult person.

7. Defendant Veritas is a domestic business corporation organized and existing under the laws of the State of New York.

8. Defendant 6535 is a domestic corporation organized and existing under the laws of the State of New York.

9. At all times relevant hereto, each Defendant individually and collectively has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

10. At all relevant times hereto, each Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

11. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

12. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

13. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff and the putative class and collective.

15. Upon information and belief Defendant Maistre is a principal and officer of the corporate Defendants.

16. Defendant Maistre manages Defendants' employees, and hires and fires them, sets their rate and method of pay, determines their work schedule, and upon information and belief maintains employment records.

17. Plaintiff has been employed by Defendants to work as a superintendent within the last six (6) years.

18. Defendant Maistre is engaged in business in the City of New York, County of New York. Defendant Maistre is sued individually in his capacity as an owner, officer, employee, and/or agent of Defendants.

19. Defendant Maistre exercises sufficient operational control over Defendants' operations to be considered Plaintiff's employer under FLSA and NYLL.

20. At all relevant times hereto, each Defendant has been Plaintiff and the putative class and collective employer within the meaning of the NYLL §§ 2 and 651.

## FACTUAL ALLEGATIONS

**A. Plaintiff's Wage and Hour Claims.**

21. Plaintiff began working in 2010 as a building superintendent for the building located at 6535 Broadway, Bronx, NY 10471.

22. As of 2010, Plaintiff superintended a building that contained approximately 64 apartments.

23. Plaintiff's official schedule Monday through Friday was from 8:00 a.m. until 4:00 p.m.

24. However, Defendants directed Plaintiff to be on-call for 24 hours a day, seven days a week.

25. Plaintiff generally started work between 5:00 a.m. and 6:00 a.m.

26. Plaintiff also often worked until 6:00 p.m. or 7:00 p.m. depending on the amount of work he had to do.

27. On days when Plaintiff cleaned the building's basement, he would work as late as 11:00 p.m.

28. Plaintiff also regularly worked 4 or 5 hours on Saturday and periodically on Sunday.

29. At the end of Plaintiff's employment, Defendants paid him approximately $600 per week.

30. Defendants paid Plaintiff extra for two hours of work on Saturday at his regular rate of pay.

31. Plaintiff asked Defendant Maistre to be paid for his extra hours other than his 2 hours for Saturday, but Defendants refused to do so.

32. At no time during his employment did Defendants proffer a wage notice to Plaintiff in compliance with the NYLL, Art. 6, § 195.

33. Moreover, at no time during his employment did Defendants proffer wage statements to Plaintiff that complied with the NYLL, Art. 6, § 195.

34. Defendants also required Plaintiff to pay them $100 monthly for parking in violation of NYLL § 193.

**B. Defendants' Retaliatory Termination of Plaintiff.**

35. Throughout Plaintiff's employment, Plaintiff complained to Defendant Maistre about not getting paid for his overtime pay.

36. Defendant Maistre advised Plaintiff that the building's Board did not want to pay him overtime.

37. Plaintiff complained about his pay as recently as November 2021.

38. Defendants terminated Plaintiff on November 30, 2021.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings the First Cause of Action on behalf of himself and all other persons similarly situated who opt-in to this putative collective action.

40. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from three (3) years prior to the commencement of this action to present date who Defendants failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek ("FLSA Collective").

41. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

42. Upon information and belief, FLSA Collective consists of at least 40 current and former building superintendents and/or employees with similar duties.

43. At all relevant times, Plaintiff and the FLSA Collective were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the FLSA Collective.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23 FOR VIOLATIONS OF THE NYLL

44. Plaintiff brings the Third and Fourth Causes of Action on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23.

45. Plaintiff seeks certification of this action as a class action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from six (6) years prior to the commencement of this action to present date who Defendants failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek and failed to proffer NYLL-compliant wage notice and wage statements. ("NYLL Class").

46. Upon information and belief, the NYLL Class consists of not less than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

47. There are questions of law and fact common to the NYLL Class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and the NYLL Class by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

48. The claims of Plaintiff are typical of the claims of the NYLL Class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

49. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class, in that his interests are not adverse to the interests of the other members of the class.

50. Plaintiff has retained counsel competent in class action and wage and hour litigation.

51. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

### FIRST CAUSE OF ACTION
### FLSA Overtime Wage Violations

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. During the applicable statute of limitations period, Plaintiff and the FLSA Collective regularly worked more than 40 hours in a given work week for Defendants.

54. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the FLSA Collective's wages at the applicable overtime rate for all hours worked over 40 in a given work week and willfully failed to record and maintain Plaintiff and the FLSA Collective's accurate timekeeping records, in violation of the FLSA.

55. As a result, Plaintiff and the FLSA Collective seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### NYLL Wage Notice Violations

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage notices to Plaintiff or the NYLL Class pursuant to § 195(1) of the NYLL.

58. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### NYLL Wage Statement Violations

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage statements to Plaintiff or the NYLL Class pursuant to § 195(3) of the NYLL.

61. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### NYLL Unlawful Deductions

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Pursuant to NYLL §193, it was unlawful for Defendants to deduct from Plaintiff and other similarly situated employees' wages unless the deductions were for their benefit and were authorized in writing by Plaintiff and other similarly situated employees.

64. Defendants deducted from Plaintiff's pay by charging him a month fee for parking his vehicle.

65. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**New York Labor Law Retaliation**

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. New York State Labor Law § 215 prohibits an employer from terminating or disciplining an employee because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

68. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

69. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**FLSA Retaliation against all Defendants**

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

72. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

9

73. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: September 23, 2022
New York, New York

Respectfully submitted,

By: *Michael Taubenfeld*
Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*